United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ARIAS MARTINEZ, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01621 |
| TODD BLANCHE, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Jorge Arias Martinez, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility in Houston, Texas. Doc. No. 1. Arias Martinez is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention and the possibility of removal to a third country. *Id.* Respondents filed a motion for summary judgment (Doc. No. 8), and the Petitioner filed a reply in opposition (Doc. No. 9). Petitioner also filed an unopposed motion to expedite (Doc. No. 10). The Court has carefully considered the pleadings, submissions of the parties, and applicable law and **DENIES** Respondents' motion for summary judgment and **GRANTS** habeas relief as follows.

## I. BACKGROUND

Petitioner, Arias Martinez is a citizen of the Dominican Republic. According to the uncontroverted declaration of Deportation Officer Jean M. Lozano Franco ("DO Lozano

Franco"), Petitioner was admitted to the United States as a legal permanent resident in 1993. Doc. No. 8-3 at ¶ 6. Arias Martinez has a long criminal record in the United States, including two convictions for possession of a controlled substance in 2007; a robbery conviction in 2008; and a burglary conviction in 2011. *Id.* at ¶ 7. In 2009, after encountering the petitioner at during a routine ICE/Criminal Alien Program ("CAP") check in prison, ICE Enforcement and Removal Operations ("ERO") issued a Notice to Appear to Arias Martinez for removal proceedings. *Id.* at ¶¶ 8-9.

On November 5, 2019, an Immigration Judge ordered Arias Martinez removed but also granted deferral of removal to the Dominican Republic under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. § 1208.17. *Id.* at ¶ 11. He was subsequently released from custody on an Order of Supervision. *Id.*

On November 13, 2025, Homeland Security Investigations encountered Arias Martinez as part of a targeted arrest. *Id.* at ¶ 12. He was taken into custody and transferred to the Montgomery Processing Center on that date, and then to the Houston Contract Detention Facility in December 2025. *Id.* at ¶ 13.

In late December 2025 and January 2026, ICE ERO initiated third country removal proceedings, requesting removal to Ecuador, Canada, Australia, Mexico, Nicaragua, Guatemala, Argentina, Honduras, Peru, Jamaica, Colombia, and Brazil. *Id.* at ¶ 14. Argentina, Honduras, Ecuador, Jamaica, Peru, Colombia, Canada refused removal. *Id.* As of April 2026, no third country had accepted Arias Martinez's removal, but DO Lozano

Franco attested that, based on her handling of the case, there was a significant likelihood that removal would occur in the reasonably foreseeable future. *Id.* at ¶¶ 15-16.

In September 2026, Arias Martinez submitted an unopposed "Motion for Expedited Disposition of Fully Submitted Petition for Writ of Habeas Corpus," representing that this case was fully briefed and that he has not been removed, even though six months have passed since the Respondents attested that there was a significant likelihood that removal would occur in the reasonably foreseeable future. Doc. No. 10.

Arias Martinez argues that as of January 7, 2026, seven (7) countries refused to accept him for removal; as of April 21, 2026, no third country has agreed to accept him for removal; no travel document exists; and Respondents have not identified any specific country willing to accept him on any specific timeline. Doc. No. 9 at 2-3, 15. He further contends that his ongoing detention violates his due process rights because there is no likelihood of him being removed from the United States in the reasonably foreseeable future. *Id.* at 4-5.

Respondents move for summary judgment, contending that Arias Martinez is legally detained. Doc. No. 8. Respondents do not dispute that Arias Martinez has complied with their requests and that no third country has agreed to accept his removal.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553

U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 5 S. Ct. 1050, 1054 (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Gudiel Polanco v. Garland*, 839 F. App'x 804, 805 (4th Cir. 2021) (holding that where the alien challenged his detention rather than any removal order, his challenge "must be brought pursuant to a habeas corpus petition" in district court). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.) (citation omitted). Where a habeas petition "'raises only issues of law, or questions regarding the legal implications of undisputed facts,'" a court need not hold a hearing to decide the case and grant habeas relief. *See Gomez Vallecios v. Noem*, No. EP-25-CV-573-KC, 2025 WL 3853219, at *1 (W.D. Tex. Dec. 9, 2025) (quoting *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) and concluding that the petition could be granted without a hearing because it presented questions of law and facts were resolved in favor of the respondents); *see also Alves da Silva v. U.S. Immigration and Customs Enforcement*, No. 25-CV-284-LM-TSM, 2025 WL 2778083, at *1 (D.N.H. Sept. 29, 2025)

(noting that a "petition 'may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute.'" (citation omitted)).

### B. Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [Petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III. DISCUSSION

Arias Martinez contends that his continued detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future. He argues that he has shown good

reason to believe that his removal is not likely to occur in the reasonably foreseeable future and that Respondents fail to rebut that showing.

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. The Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." 533 U.S. at 682. Inadmissible noncitizens or those with certain criminal convictions may be detained beyond the removal period, 8 U.S.C. § 1231(a)(6), but the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701.

After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets this burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

The uncontroverted record reflects that Arias Martinez has been in ICE custody since November 13, 2025. He has been detained for over 11 months, exceeding the six-month presumptively reasonable period set forth in *Zadvydas*. Among other things, Arias Martinez argues that his detention is indefinite because he cannot be deported to the Dominican Republic based on the deferral of removal under the CAT, and Respondents have not identified any third country willing to accept his removal.

First, it is undisputed that Respondents cannot remove Arias Martinez to the Dominican Republic because he has been granted deferral of removal. In addition, even though Respondents contacted several possible third countries as of April 2026, most of those countries refused petitioner's removal, and ICE has identified no specific country that has indicated any willingness to accept his removal to date.

Courts have found that a petitioner meets his burden to show good reason where he alleges non-conclusory facts, *Andrade*, 459 F.3d at 543-44; where he alleges that he received withholding of removal to his home country and that ICE had not identified a third

country willing to accept him; or where he had a deferral and travel documents had not been secured from any third country. *See, e.g., Trejo v. Warden of ERO El Paso East Montana*, 807 F. Supp. 3d 697, 705-06 (W.D. Tex. 2025); *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. Dec. 4, 2025).

The Court finds that Arias Martinez's allegations are not conclusory and instead specifically show that he has been granted deferral of removal and cannot be removed to his home country of the Dominican Republic; Respondents have not identified a third country willing to accept him; and there is no indication that he has not complied with everything that ICE asked of him. Arias Martinez has met his burden under *Zadvydas* to show that there is good reason to believe that removal is not reasonably likely in the foreseeable future.

Because Petitioner has shown good reason, the burden then shifts to Respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701. "[G]eneralized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden." *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026) (citing *Zamanpour v. Perez*, No. 5:25-cv-224, slip op. at 16 (S.D. Tex. Dec. 24, 2025)); *see also Baltodano*, 815 F. Supp. 3d at 1198-99.

Respondents do not meet their burden to show that removal is likely anytime soon, let alone in the reasonably foreseeable future. They do not dispute that they cannot remove him to the Dominican Republic, and they do not name any specific third countries that have

agreed to accept his removal. Respondents fail to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

The Court finds that Petitioner's continued detention violates due process because there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, Arias Martinez is entitled to relief on the indefinite detention claims in his petition for a writ of habeas corpus. Because the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, Arias Martinez must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future"). The Court orders his release subject to the conditions set forth below.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' Motion for Summary Judgment (Doc. No. 8) is **DENIED**.
2. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.
3. All other pending motions, if any, are **DENIED as MOOT**.
4. By **November 24, 2026, at 5:00 p.m.**, Respondents must either remove Petitioner from the United States or release Petitioner. If Respondents release Petitioner because they cannot remove him by November 24, 2026, **they must release him by that date by 5:00 p.m. in a public place agreed on by the**

**parties**, under the same conditions that were in effect in his previous Order of Supervision. Respondents must notify his counsel of the exact time and location of release **at least twenty-four hours** before his release.

5. Petitioner shall not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that Petitioner's documents are ready, that a third country has agreed to accept Petitioner, and that Petitioner has been provided notice of that third country and an opportunity to object to the third country removal.
6. The 5-day notice provision from the Court's Order entered on April 3, 2026, (Doc. No. 6), REMAINS IN EFFECT. **No later than three days after Petitioner's release or removal, as applicable**, the parties shall provide the Court with a status update concerning Petitioner's release. The parties should also notify the Court of the conditions, if any, of his release.
7. Within **seven days** of the Petitioner's release or removal, the parties shall file a joint status update and indicate whether this case may be closed.

SIGNED this 27th day of October 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE