United States District Court
Southern District of Texas
ENTERED
November 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ARIAS MARTINEZ, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01621 |
| TODD BLANCHE, *et al.*, | § | |
| Respondents. | § | |

**ORDER**

Pending are Petitioner's Motion to Enforce (Doc. No. 13) and Petitioner's Emergency Motion to Enforce the Court's November 16, 2026 Order, Renewed Motion for Temporary Restraining Order, and Notice of Fear of Removal to Liberia (Doc. No. 16). After hearing the arguments of the parties and reviewing the applicable law, the Court DENIES the motions for the reasons that follow.

Petitioner Jorge Arias Martinez, a native and citizen of the Dominican Republic, was admitted to the United States as a legal permanent resident in 1993. However, after committing a series of crimes, Arias Martinez was ordered removed in 2019. Based on his fear of being persecuted or tortured in the Dominican Republic, the Immigration Judge granted deferral of removal to the Dominican Republic under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. § 1208.17. He was released on an Order of Supervision at that time.

On November 13, 2025, he was arrested by Homeland Security Investigators and placed in detention for removal to a third country. For the past year, Respondents have tried to find a third country that would accept his removal, but no country had agreed to accept him during that time.

Because there was no significant likelihood that removal would occur in the reasonably foreseeable future, the Court granted Arias Martinez's petition for habeas relief, ordering Respondents to remove him or release him by November 24, 2026. *See* Doc. No. 11. On November 13, 2026, Respondents notified the Court that they planned to remove Arias Martinez after five days. Doc. No. 12. Petitioner filed a motion to enforce the Court's orders, seeking the name of the country that accepted his removal and an opportunity to express a fear of removal to that country, if applicable. Doc. No. 13.

On November 16, 2026, the Court ordered Respondents to identify the country and follow their own procedures for "other cases" in the March Guidance from former Secretary of Homeland Security Noem, attached as Exhibit A to the petitioner's first motion to enforce (Doc. No. 13-1).[1] Respondents timely responded, stating that they planned to remove him to Liberia on November 19, 2026, and that no further procedures

---

[1] At the time the Order was entered, Respondents had neither identified the country that had accepted petitioner's removal nor indicated that they had obtained diplomatic assurances that persons removed to that country would not be tortured, persecuted, or refouled. Respondents have since identified the country as Liberia and have provided evidence that the State Department has procured diplomatic assurances that third-country nationals transferred to Liberia will not be subjected to persecution or torture, and that the State Department views these assurances as credible and reliable. *See* Doc. No. 15-2. These assurances comport with the March Guidance for countries to which a third country national may be removed without further procedures. *See* Doc. No. 13-1 at 2.

are necessary because they have obtained diplomatic assurances "that any third-country nationals transferred to the Republic of Liberia would not be subjected to persecution on account of race, religion, nationality, membership in a particular social group or political opinion, or torture, or further transferred to any country in which they would be subjected to persecution on account of race, religion, nationality, membership in a particular social group or political opinion, or torture." Doc. No. 15-2 at 2-3 (Diplomatic Assurances). The State Department views these assurances to be credible and reliable. *Id.* at 3.

Petitioner asks the Court to order Respondents to have an asylum officer (as opposed to Immigration and Customs Enforcement officers) conduct a credible fear interview and decide his fear claim before they remove him. The Fifth Circuit has explained that "[s]ubject to limited enumerated exceptions, 'no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter.'" *Gakou v. Warden of Prairieland Detention Center*, --- F.4th ----, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026) (quoting 8 U.S.C. § 1252(g) (emphasis added in *Gakou*)).

In *Gakou*, a third-country national moved for an emergency stay of proceedings while he litigated his Convention Against Torture claims. *Id.* The Fifth Circuit denied his motion, determining that he "is deeply unlikely to prevail on the merits of his claims" because the court lacked jurisdiction to grant a stay of removal. *Id.* The court additionally noted that "the Supreme Court has effectively ratified third-country removal of the sort that

[petitioner] faces when it granted certiorari in a case raising the issue while still explicitly permitting the government to continue with third-country removals unabated pending full resolution on the merits." *Id.* (citing *DHS v. DVD*, Nos. 26-426, 26A406, --- U.S. ----, 2026 WL 2917860 (U.S. Sept. 29, 2026) (per curiam)). The holdings in *Gakou* and *DVD, supra*, foreclose the petitioner's claims for relief because the Court lacks jurisdiction to challenge the execution of Arias Martinez's removal order.

Therefore, the Court **ORDERS** that Petitioner's pending motions (Doc. Nos. 13 & 16) are **DENIED** for lack of jurisdiction.

SIGNED this 18th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE